UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN OCHOA,<br><br>            Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>            Respondent. | Civil Case No. 08cv2137 JAH<br>Crim. Case No. 05cr0970 JAH<br><br>**ORDER DENYING CERTIFICATE OF APPEALABILITY**<br><br>[28 U.S.C. § 2255] |

On June 26, 2009, petitioner, a federal prisoner appearing *pro se*, filed a notice of appeal of this Court's denial of his petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2255, which challenged his conviction and sentence, after he plead guilty plea to one count of an eight count indictment charging petitioner with conspiracy to distribute cocaine, methamphetamine, and marijuana in violation of Title 21, United States Code, Sections 846 and 841(a)(1). Although petitioner did not expressly request a certificate of appealability, this Court *sua sponte* considers whether a certificate of appealability should be granted. *See* Fed.R.App.P. 22(b); United States v. Asrar, 116 F.3d 1268, 1270 (9th Cir. 1997)("If no express request is made for a certificate of appealability, the notice of appeal shall be deemed to constitute a request for certificate).

Petitioner, in his motion, presented four claims for relief, contending: (1) that he was afforded ineffective assistance of counsel based on counsel's alleged failure to object to the quantity of drugs; (2) that the court erred in denying petitioner's motion for a downward departure based on petitioner's deportability; (3) that the court erred in denying petitioner's

1 request to sentence him below the guideline range; and (4) that he was afforded ineffective 2 assistance of counsel based on counsel's deception in persuading petitioner to plead guilty. 3 This Court found that petitioner had, by entering into his plea agreement, voluntarily waived 4 his right to appeal or collaterally attack his conviction and sentence and that his first three 5 claims did not fall under any of the recognized limitations to petitioner's waiver.  Thus, this 6 Court found that the collateral attack waiver provision in petitioner's plea agreement was 7 enforceable in regards to petitioner's first three claims.  As to petitioner's final claim of 8 ineffective assistance of counsel based on counsel's alleged deception, this Court found 9 petitioner's claim fell under the limitation for challenges to the voluntariness of petitioner's 10 waiver but failed because the record reflected no such deception occurred.

11      This Court's findings regarding petitioner's claims for relief are not, in this Court's view, 12 findings that could be considered debatable among jurists of reason nor could any other court 13 reasonably resolve the issues in a different manner.  *See* Lambright 220 F.3d at 1024-25. 14 Therefore, petitioner is not entitled to a certificate of appealability.  Accordingly, this Court 15 **DENIES** a certificate of appealability as to the claims presented in the instant petition.

17 DATED:     July 6, 2009

19 JOHN A. HOUSTON
United States District Judge